UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

KURT SIUZDAK,                                          )
                                                       )
                                                       )
                                                       )   Civil Action No.
                              Plaintiff,               )   14-CV-1543 (VAB)
        v.                                             )
                                                       )   JULY 15, 2015
                                                       )
HONORABLE ERIC H. HOLDER, JR., In His Official         )
Capacity as the Attorney General of the United States,)
                                                       )
                              Defendants.              )
                                                       )
_____       )


_____

REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS FOR FAILURE
TO EXHAUST ADMINISTATIVE REMEDIES

_____


                              RICHARD S. HARTUNIAN
                              United States Attorney
                              Northern District of New York

                   By:    KAREN FOLSTER LESPERANCE
                          Assistant United States Attorney
                          James T. Foley U.S. Courthouse
                          445 Broadway, Room 218
                          Albany, NY 12207

Defendant HONORABLE ERIC H. HOLDER, JR., In His Official Capacity as the

Attorney General of the United States ("Defendant"), by and through his counsel, Richard S.

Hartunian, United States Attorney for the Northern District of New York, Karen Folster

Lesperance, Assistant U.S. Attorney, of counsel, hereby respectfully submits this reply

memorandum of law in further support of his motion to dismiss the Amended Complaint for

failure to exhaust administrative remedies.

## PRELIMINARY STATEMENT

Critically, Plaintiff acknowledges on page one of his Opposition that his pleading of prior

acts are "not actionable." (Opp. at 1).   He argues that they were nonetheless pled as

"background evidence" in support of a timely claim.  However, the lengthy history he pleads

bears little relevance to the one claim that was exhausted – the allegation that an investigation

into plaintiff's use of a government vehicle and credit card was undertaken in retaliation for a

prior EEO Complaint.  The extraneous and spurious nature of the other facts alleged would serve

only to unduly expand the scope of this action with no relevance as to whether there was a

retaliatory motive to the commencement of the investigation.

Plaintiff also argues that certain unexhausted claims fall within an "exception" to the

exhaustion requirement.  However, he misconstrues the limited nature of any exception.  The

unexhausted factual allegations are not a continuation of a discriminatory course of conduct

undertaken in the same manner as that alleged in the EEO complaint.  Rather, they are discreet

occurrences which were either the subject of an earlier EEO claim for which he received a final

determination and right to sue letter but failed to take any action,  or a later EEO claim that was

not exhausted before this action was prematurely filed.

Finally, in arguing that his retaliation claim sufficiently pleads causation, Plaintiff fails to

even address or acknowledge that fact that the causation standard for a retaliation claim was changed to a much stricter standard by the United States Supreme Court in 2014. *See University of Texas Southwestern Medical Center v. Nassar*, -- U.S. --, 133 S.Ct. 2517 (2014). Plaintiff relies on pre-*Nassar* case law to argue that he adequately pled causation. In fact, he simply has not alleged facts which, even if taken as true and construed in the light most favorable to him, could support a finding of "but-for" causation, as is now required to state a claim for retaliation.

## ARGUMENT

**I.     MOST OF PLAINTIFF'S CLAIMS  MUST BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

### A.     The Unexhausted Claims are not Proper "Background Evidence" in Support of Plaintiff's Single Exhausted Claim

Plaintiff's allegations of prior allegedly discriminatory acts – including claims relating to his removal as agent in charge of a particular investigation and his claim that he was not promoted to Chief Division Counsel – are not actionable because he failed to exhaust administrative remedies, as is discussed more fully in Defendant's original motion papers. (Def. Mem. at 5-10). Plaintiff cannot now wrap those claims into this action, which only properly challenges the instigation of an investigation into his use of a government vehicle and credit card, contending that they are somehow related to, or background evidence regarding the exhausted claims. The Supreme Court has made clear that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Failure to promote and decisions to transfer are just such "discrete discriminatory act" which require a separate administrative claim and exhaustion of administrative remedies. *See id.*

Plaintiff's complaint includes hundreds of paragraphs of factual allegations relating to

unexhausted claims.  Indeed, his Opposition motion includes a 13-page discussion of factual

allegations (Opp. Mem. at 6-13), the vast majority of which relate to unexhausted and/or

untimely claims.   If these factual allegations were permitted to remain part of this case, the

burden on Defendant in answering these allegations and conducting discovery with respect to

them would be unduly burdensome.  To allow evidence of such inactionable contentions to be

presented to a jury as "background evidence" would be overwhelming and confusing to a jury

and highly prejudicial to Defendant.

Moreover, the facts that Plaintiff now characterizes as "background evidence" were

previously alleged in an EEO Complaint.  Plaintiff received a final determination and a right to

sue letter in connection with that complaint but failed to bring an action within the time

permitted.  This precludes his inclusion of those facts in this action.  *See Bowen-Hooks v. City of*

*New York*, 13 F. Supp. 3d 179, 202 (E.D.N.Y. 2014) ("Plaintiff cannot 'save' her claims

regarding the acts that were the subject of her 2006 EEOC charge, and for which she received a

right-to-sue letter, by including them in her 2010 EEOC charge, as a plaintiff may not bring

claims 'involving exactly the same facts' that comprised an earlier right-to-sue letter on which a

plaintiff did not act.").  *See also Lo v. Pan Am. World Airways, Inc.,* 787 F.2d 827, 828 (2d

Cir.1986).

All claims, contentions and allegations relating to unexhausted or untimely claims should

be dismissed from this action.

> **B.      The Unexhausted Claims and Those Claims that Were Not**
> **Part of any Administrative Claim Do Not Fall into Any**
> **Exception to the Exhaustion Requirement.**

Plaintiff argues that the unexhausted claims in his complaint should be permitted because

they are "reasonably related" to the claims in the exhausted EEO Complaint.  This argument

misconstrues the concept of reasonably related claims.  Plaintiff relies on *Wilson v. Fairchild*

*Republic Co.*, 143 F.3d 733, 739 (2d Cir. 1998) and *Butts v. City of New York Dep't of Housing*

*Preservation & Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993) in support of this argument.  However,

both of those decisions are clear that "[a] district court only has jurisdiction to hear Title VII

claims that either are included in an EEOC charge or are based on conduct subsequent to the

EEOC charge which is 'reasonably related' to that alleged in the EEOC charge."  *Wilson*, 143

F.3d at 739; *Butts*, 990 F.2d at 1401.

Here, the only exhausted claim is Plaintiff's Second EEO Complaint, contending that an

investigation into his use of a government vehicle and a government credit card was undertaken

in retaliation for a prior EEO complaint.  (*See* Defendant's Mem. of Law in Support of Motion to

Dismiss at 5-10).  Clearly all of the alleged discriminatory conduct included in the Complaint

that pre-dates that investigation is not reasonably related to the Second EEO Complaint, as the

concept of reasonably or sufficiently related claims is expressly limited to subsequent conduct.

*See id.*

Likewise, any later conduct, in order to fall within this claimed "exception" to the

exhaustion requirement, would have to be further incidents of a discrimination carried out in

"precisely the same manner" as the exhausted claim.  *Butts*, 990 F.2d at 1402; *Campbell v. A.C.*

*Petersen Farms, Inc.*, 69 F.R.D. 457, 462 (D.Conn. 1975).   Suizdak's allegations that,

subsequent to the allegedly retaliatory investigation, he was reassigned to a less desirable unit

and denied promotions is not reasonably related to his claim that the investigation was

undertaken with a discriminatory motive.  *See, e.g., Wilson*, 143 F.3d at 739 (claim that plaintiff

was not appointed to a position he applied for was found nowhere in his exhausted EEO filings,

and therefore was not reasonably related to that EEO complaint); *Carter v. New Venture Gear,*

4

*Inc.*, 310 Fed. App'x 454, 458 (2d Cir. 2009) (claims of gender bias not sufficiently related to race based claims contained in EEO complaint).   Indeed, the Supreme Court has identified failure to promote and transfer decisions as "easy to identify" examples of discrete acts, <u>not</u> continuing courses of discriminatory conduct that could be considered sufficiently related to be encompassed in a single administrative claim.  *Morgan*, 536 U.S. at 113.

In arguing that unexhausted claims are sufficiently related to the one exhausted claim, Plaintiff also overlooks the fact that he filed a separate EEO complaint as to the subsequent allegations, but failed to exhaust that claim.  Indeed, he filed this action quite prematurely, only weeks after filing the EEO complaint and without giving the agency the opportunity to investigate.

## II.      PLAINTIFF'S RETALIATION CLAIMS FAIL TO STATE A CAUSE OF ACTION  BECAUSE HE HAS NOT PLED FACTS THAT COULD ESTABLISH "BUT-FOR" CAUSATION

Plaintiff has not pled a plausible claim for retaliation.  In his Opposition, he argues that Defendant attempts to hold him to a summary judgment standard at the motion to dismiss stage, claiming that Defendant's arguments jumped to the third stage of the *McDonnell Douglas* analysis.  In doing so, he misconstrues and misunderstands Defendant's argument.

To establish a prima facie case of retaliation under Title VII – the first stage of *McDonnell Douglas* – "a plaintiff must show (1) that [he] was engaged in protected activity by opposing a practice made unlawful by Title VII; (2) that the employer was aware of that activity; (3) that [he] suffered adverse employment action; and (4) that there was a causal connection between the protected activity and the adverse action." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998); *Sullivan-Weaver v. New York Power Auth.*, 114 F. Supp. 2d 240, 243 (S.D.N.Y. 2000).   In the absence of facts that, if true, would establish these

5

four elements of a prima facie case, the action is subject to dismissal for failure to state a claim.
*See id.*

With regard to the fourth element of the prima facie case – the causation element – the
Supreme Court's recent decision in *Nassar* heightened that causation requirement to a "but for"
causation standard. *University of Texas Southwestern Medical Center v. Nassar*, -- U.S. --, 133
S.Ct. 2517 (2014). Thus, for Plaintiff to succeed on his retaliation claim, he would have to prove
that the investigation into his use of government vehicles and his fuel charges to his government
credit card would not have occurred but for the fact that he filed the First EEO Complaint. He
simply has not made sufficient factual allegations to support such a causal link.

As such, the retaliation claim related to the investigation – the only claim for which he
has exhausted administrative remedies – should be dismissed for failure to state a claim.

## CONCLUSION

For all the foregoing reasons, and for all the reasons set forth in its original moving
papers, Defendant respectfully requests that this Court issue an order granting its motion to
dismiss, entering judgment in the Defendant's favor, with prejudice, and ordering such other and
further relief as this Court deems just and proper.

Dated: July 15, 2015

RICHARD S. HARTUNIAN
United States Attorney
Northern District of New York

By:      */s/Karen Folster Lesperance*
KAREN FOLSTER LESPERANCE
Assistant United States Attorney
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, NY  12207
Telephone:  (518) 431-0247
Karen.Lesperance@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing.  Parties may access this filing through the Court's CM/ECF System.

 */s/Karen Folster Lesperance*
KAREN FOLSTER LESPERANCE
Assistant United States Attorney