## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____

KURT SIUZDAK )
)
)
)
) **ANSWER**
Plaintiff, )
v. )
) Civil Action No.
HONORABLE LORETTA E. LYNCH, In Her Official ) 14-CV-1543 (VAB)
Capacity as the Attorney General of the United States, )
) May 2, 2016
)
Defendant. )
)
_____ )

Defendant, the HONORABLE LORETTA E. LYNCH, In Her Official Capacity as the

Attorney General of the United States, by her attorney, RICHARD S. HARTUNIAN, United

States Attorney in and for the Northern District of New York, Karen Folster Lesperance,

Assistant United States Attorney, of counsel, as and for an Answer to the complaint herein,

respond as follows:

## PRELIMINARY STATEMENT

1.      The allegations in paragraph 1 constitute Plaintiff's characterization of his case to

which no answer is required; to the extent they may be deemed allegations of fact, they are

denied.

2.      The allegations in paragraph 2 constitute Plaintiff's characterization of his case to

which no answer is required; to the extent they may be deemed allegations of fact, they are

denied.

3.      The allegations in paragraph 3 constitute Plaintiff's characterization of his case to

which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## JURISDICTION

4.     The allegations in paragraph 4 state legal conclusions as to the Court's jurisdiction and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

5.     The allegations in paragraph 5 state legal conclusions as to the Court's jurisdiction and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

6.     The allegations in paragraph 6 state legal conclusions as to the Court's jurisdiction and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

7.     The allegations in paragraph 7 state legal conclusions as to the Court's jurisdiction and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

8.     The allegations in paragraph 8 state legal conclusions as to the Court's jurisdiction and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

8(a).    Defendant denies the allegations contained in paragraph 8(a), except to admit that Plaintiff filed a complaint of discrimination and retaliation with the Defendant.

8(b).    In response to paragraph 8(b) of the Complaint, Defendant denies that plaintiff was discriminated against and denies that an unauthorized and illegal investigation took place, but admits that the FBI's Office of Equal Employment Opportunity Affairs accepted certain

allegations for investigation.  Defendant further states that Paragraph 8(a) quotes from a document, and respectfully refers to the court to the document in its entirety, which speaks for itself.

8(c).    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8(c) of the Complaint.

8(d).    Defendant admits the allegations of paragraph 8(d) of the Complaint.

8(e).    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8(e) of the Complaint.

8(f).    Defendant admits the allegations contained in paragraph 8(f) of the Complaint.

8(g).    The allegations in paragraph 8(g) state legal conclusions as to the Court's jurisdiction and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

8(h).    The allegations in paragraph 8(h) state legal conclusions as to the Court's jurisdiction and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

9.      The allegations in paragraph 9 constitute Plaintiff's characterization of the damages he seeks in his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Defendant specifically denies that plaintiff is entitled to damages based on his allegations in this Complaint.

10.     The allegations in paragraph 10 constitute Plaintiff's characterization of the damages he seeks in his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Defendant specifically denies that plaintiff is entitled to damages based on his allegations in this Complaint.

11.     The allegations in paragraph 11 constitute Plaintiff's characterization of the damages he seeks in his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Defendant specifically denies that plaintiff is entitled to recover costs or attorneys' fees based on his allegations in this Complaint.

## VENUE

12.     The allegations in paragraph 12 state legal conclusions as to the proper venue and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

13.     The allegations in paragraph 13 state legal conclusions as to the proper venue and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

## PARTIES

14.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

16.     Defendant denies the allegations of paragraph 16 of the Complaint.

17.     Defendant denies that Holder is the current Attorney General, and otherwise responds that the remaining allegations contained in paragraph 17 of the Complaint are a characterization of plaintiff's claims in this action and states a legal conclusion, which require no response; to the extent they may be deemed allegations of fact, they are denied

18.     The allegations in paragraph 18 state legal conclusions as to the proper parties and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact,

they are denied.

## FACTS

19.     In response to the allegations of Paragraph 19 of the Complaint, Defendant denies that plaintiff walked with a limp that was perceptible to his supervisors at the FBI, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in paragraph 20, except to admit that Plaintiff submitted an application for employment with the FBI.

21.     The allegations in paragraph 21 constitute Plaintiff's characterization of the FBI's pre-employment process to which no response is required, but to the extent an answer is deemed necessary, defendant denies the allegations of paragraph 21 of the complaint.

22.     The allegations in paragraph 22 constitute Plaintiff's characterization of the FBI's pre-employment process to which no response is required, but to the extent an answer is deemed necessary, defendant denies the allegations of paragraph 22 of the complaint.

23.     Defendant admits the allegations of paragraph 23 of the Complaint.

24.     Defendant admits the allegations of paragraph 24 of the Complaint.

25.     The allegations in paragraph 25 constitute Plaintiff's characterizations about the nature of his career and the investigations in which he participated to which no answer is required, but to the extent an answer is deemed necessary, defendant admits that plaintiff was a special agent for the FBI between 1997 and 2007, and otherwise denies the allegations of paragraph 25 of the Complaint.

26.     Defendant denies knowledge or information sufficient to form a belief as the truth or falsity of the allegations contained in paragraph 26 of the Complaint.

27.     Defendant denies knowledge or information sufficient to form a belief as the truth or falsity of the allegations contained in paragraph 27 of the Complaint

28.     Defendant denies knowledge or information sufficient to form a belief as the truth or falsity of the allegations contained in paragraph 28 of the Complaint.

29.     Defendant denies knowledge or information sufficient to form a belief as the truth or falsity of the allegations contained in paragraph 29 of the Complaint

30.     Defendant admits that Plaintiff attended Middlebury College during the summer of 2006 to study Arabic, and otherwise denies the remaining allegations and characterizations contained in paragraph 30.

31.     Defendant admits that Plaintiff was promoted to a term GS-14 in January 2008 and otherwise denies knowledge or information sufficient to form a belief as the truth or falsity of the allegations contained in paragraph 31 of the Complaint.

32.     Defendant admits that Plaintiff remained a GS-14 until he was reassigned to a GS-13 in July 2009, and otherwise denies knowledge or information sufficient to form a belief as the truth or falsity of the allegations contained in paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in paragraph 33, except to admit that Plaintiff was reassigned to the New Haven Field Office as a GS-13 Special Agent in 2009.

34.     Defendant admits the allegations of paragraph 34 of the Complaint.

35.     Defendant admits the allegations of paragraph 35 of the Complaint.

36.     Defendant denies the allegations of paragraph 36 of the Complaint.

37.     Defendant admits the allegations of paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in paragraph 38, except to admit that ASACs report to SACs.

39.     Defendant admits the allegations of paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in paragraph 40, except to admit that Plaintiff applied for the Chief Division Counsel position in 2012.

41.     Defendant denies the allegations contained in paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in paragraph 43, except to admit that the FBI did conduct annual employment surveys in 2012 and 2013.

44.     Defendant denies the allegations contained in paragraph 44 of the Complaint.

45.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of the Complaint.

47.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48.     Defendant denies the allegations contained in paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in paragraph 49, except to admit that Mark Gentil was a Supervisory Special Agent in the New Haven Field Office.

50.     Defendant denies the allegations contained in paragraph 50 of the Complaint.

51.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in paragraph 52, except to admit that Plaintiff was promoted temporarily to a GS-14 Supervisory Special Agent in the FBI's Inspection Division.

53.     The allegations in paragraph 53 constitute Plaintiff's characterizations about the

nature of his assignments in the Inspection Division to which no answer is required, but to the extent an answer is deemed necessary, defendant denies the allegations contained in paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in paragraph 55, except to admit that Plaintiff filed an Equal Employment Opportunity complaint in 2012.

56.     The allegations in paragraph 56 constitute Plaintiff's characterizations about a conversation he had with a colleague to which no answer is required, but to the extent an answer is deemed necessary, defendant denies the allegations contained in paragraph 56 of the Complaint.

57.     The allegations in paragraph 57 constitute Plaintiff's characterizations about a conversation he had with a colleague to which no answer is required, but to the extent an answer is deemed necessary, defendant denies the allegations contained in paragraph 57 of the Complaint.

58.     Defendant respectfully refers the Court to the document quoted in paragraph 58, in its entirety, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in paragraph 60, except to admit that the FBI's Criminal Investigative Division conducted an on-site review of the New Haven Division's Violent Gang Safe Streets Task Forces in 2012.

61.     Defendant denies the allegations contained in paragraph 61, except to admit that the on-site review of the New Haven Division's Violent Gang Safe Streets Task Forces was

documented in an electronic communication (EC) dated January 28, 2013, and respectfully refers the Court to the referenced document, in its entirety, which document speaks for itself.

62.     Defendant denies the allegations contained in paragraph 62, except to admit that the EC was uploaded into the FBI's Sentinel system.

63.     Defendant denies the allegations contained in paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in paragraph 64 of the Complaint.

65.     Defendant admits the allegations contained in paragraph 65 of the Complaint.

66.     The allegations in paragraph 66 constitute Plaintiff's characterizations about a conversation he had with a colleague to which no answer is required, but to the extent an answer is deemed necessary, defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66 of the Complaint.

67.     The allegations in paragraph 67 constitute Plaintiff's characterizations about an alleged agreement he reached with a colleague to which no answer is required, but to the extent an answer is deemed necessary, defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the Complaint.

68.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68 of the Complaint.

69.     Defendant admits the allegations contained in paragraph 69 of the Complaint.

70.     Defendant denies the allegations contained in paragraph 70, except to admit that Plaintiff received an 18-month temporary promotion to FBI Headquarters, which allowed a limited reimbursable return trip to his home on a monthly basis.

71.     The allegations in paragraph 71 constitute Plaintiff's characterizations about an alleged agreement he reached with a colleague to which no answer is required, but to the extent

an answer is deemed necessary, defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 71 of the Complaint..

72.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 72 of the Complaint.

73.     Defendant admits the allegations contained in paragraph 73 of the Complaint.

74.     The allegations in paragraph 74 constitute Plaintiff's characterizations about the HSI program to which no answer is required, but to the extent an answer is deemed necessary, defendant denies the allegations contained in paragraph 74 of the Complaint.

75.     Defendant admits the allegations contained in paragraph 75 of the Complaint.

76.     Defendant admits the allegations contained in paragraph 76 of the Complaint.

77.     The allegations in paragraph 77 constitute Plaintiff's characterizations about his work and assignments to which no answer is required, but to the extent an answer is deemed necessary, defendant denies the allegations contained in paragraph 77 of the Complaint.

78.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 78 of the Complaint.

79.     Defendant denies the allegations contained in paragraph 79 of the Complaint.

80.     Defendant denies the allegations contained in paragraph 80 of the Complaint.

81.     Defendant denies the allegations contained in paragraph 81 of the Complaint.

82.     Defendant denies the allegations contained in paragraph 82 of the Complaint.

83.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 83 of the Complaint.

84.     Defendant denies the allegations contained in paragraph 84 of the Complaint.

85.     Defendant respectfully refers the Court to the document quoted in paragraph 85 of

the Complaint, in its entirety, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 85.

86.     Defendant denies the allegations contained in paragraph 86, except to admit that SAC Mertz provided a response to the CID EC.  Defendant respectfully refers the Court to the document referenced in paragraph 86 of the Complaint, in its entirety.

87.     Defendant denies the allegations contained in paragraph 87, except to admit that SAC Mertz provided a response to the CID EC.  Defendant respectfully refers the Court to the document quoted in paragraph 86 of the Complaint, in its entirety.

88.     Defendant denies the allegations contained in paragraph 88 of the Complaint.

89.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 89 of the Complaint.

90.     Defendant denies the allegations contained in paragraph 90 of the Complaint.

91.     Defendant denies the allegations contained in paragraph 91 of the Complaint.

92.     Defendant denies the allegations contained in paragraph 92 of the Complaint

93.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 93 of the Complaint.

94.     Defendant admits the allegations contained in paragraph 94 of the Complaint.


95.     In response to the allegations contained in paragraph 95 of the Complaint, Defendant respectfully refers the Court to the email referenced therein, in its entirety, which speaks for itself.

96.     In response to the allegations contained in paragraph 96 of the Complaint, Defendant respectfully refers the Court to the email referenced therein, in its entirety, which

11

speaks for itself.

97.     In response to the allegations contained in paragraph 97 of the Complaint,
Defendant admits that Plaintiff filed an EEO complaint and an OPR complaint in May 2013 and
otherwise refers the Court to the complaints themselves, which speak for themselves.

98.     The allegations in paragraph 98 constitute Plaintiff's characterizations about his
complaint to which no answer is required, but to the extent an answer is deemed necessary,
defendant denies the allegations contained in paragraph 98 of the Complaint.

99.     Defendant denies the allegations contained in paragraph 99, except to admit that
the Inspection Division opened an administrative inquiry into Plaintiff's conduct.

100(i)-(xi).     The allegations contained in paragraphs 100(i)-(xi) constitute Plaintiff's
characterizations and arguments about SAC Mertz' knowledge on May 13, 2013, to which no
answer is required, but to the extent an answer is deemed necessary, Defendant denies the
allegations contained in paragraph 100 of the Complaint.

101.     Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102.     Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103.     Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.     Defendant denies the allegations contained in Paragraph 104 of the Complaint..

105.     Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106.     Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.     Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108.     Defendant denies the allegations contained in Paragraph 108 of the Complaint.


109.     Defendant denies the allegations contained in paragraph 109, except to admit that

the Inspection Division did not open an administrative inquiry into Plaintiff's allegations.

110.    Defendant admits the allegations contained in Paragraph 110 of the Complaint.

111.    Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112.    Defendant denies the allegations contained in paragraph 112, except to admit that SAC Ferrick was assigned as the acting SAC of the Milwaukee Division.

113.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 113.

114.    Defendant denies the allegations contained in paragraph 114, except to admit that SSA Ferrick was laterally transferred to the New Haven Division in October 2013.

115.    Defendant denies the allegations contained in paragraph 115, except to admit that SAC Ferrick was promoted to SAC of the New Haven Division in September 2013.

116.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 116.

117.    The allegations in paragraph 117 constitute Plaintiff's characterizations about the AIIP work and assignment, to which no answer is required, but to the extent an answer is deemed necessary, defendant denies the allegations contained in Paragraph 117 of the Complaint.

118.    Defendant denies the allegations contained in Paragraph 118 of the Complaint.

119.    Defendant denies the allegations contained in paragraph 119, except to admit that Plaintiff received an inspection credit in June 2013 for participating in a program review.

120.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 120.

121.    Defendant denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 121.

122.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 122.

123.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 123.

124.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 124.

125.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 125.

126.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 126.

127.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 127.

128.    The allegations in paragraph 128 constitute Plaintiff's characterizations about the New Haven Division's "practice" regarding agent assignments, to which no answer is required, but to the extent an answer is deemed necessary, defendant denies the allegations contained in Paragraph 128 of the Complaint.

129.    Defendant denies the allegations contained in Paragraph 129 of the Complaint.

130.    The allegations in paragraph 130 constitute Plaintiff's characterizations about a conversation he purportedly had with SAC Mertz, to which no answer is required, but to the extent an answer is deemed necessary, defendant denies the allegations contained in Paragraph 130 of the Complaint.

131.    The allegations in paragraph 131 constitute Plaintiff's characterizations about

FBI's agent's use of their personal vehicles, to which no answer is required, but to the extent an answer is deemed necessary, defendant denies the allegations contained in Paragraph 131 of the Complaint.

132.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 132.

133.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 133.

134.    Defendant denies the allegations contained in paragraph 134, and states that OPR concluded that the allegations the Plaintiff violated two FBI offense codes were not substantiated.

135.    Defendant denies the allegations contained in paragraph 135, and states that OPR instructed the Assistant Director of the Inspections Division to provide non-disciplinary counseling to Plaintiff.

136.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 136.

137.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 137.

138.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 138.

139.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 139.

140.    Defendant denies the allegations contained in paragraph 140, except to admit that Plaintiff received an inspection credit in September 2013 for participating in a program review.

141.    Defendant denies the allegations contained in paragraph 141, except to admit that SAC Mertz was promoted to a Deputy Assistant Director position and SAC Ferrick received a promotion to the position of SAC New Haven Division.

142.    Defendant denies the allegations contained in Paragraph 142 of the Complaint.

143.    Defendant denies the allegations contained in Paragraph 143 of the Complaint.

144.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 144.

145.    Defendant denies the allegations contained in Paragraph 145 of the Complaint.

146.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 146.

147.    Defendant denies the allegations contained in paragraph 147 of the Complaint.

148.    Defendant denies the allegations contained in paragraph 148 of the Complaint, except to admit that Plaintiff received an inspection credit for his temporary duty assignment to the Internal Investigation Section.

149.    Defendant denies the allegations contained in paragraph 149, except to admit that Plaintiff received an "Excellent" Performance Appraisal Rating for fiscal year 2013.

150.    Defendant denies the allegations contained in paragraph 150, except to admit that the FBI Director visited the New Haven Division in 2013.

151.    Defendant denies the allegations contained in paragraph 151 of the Complaint.

152.    Defendant admits the allegations contained in paragraph 152 of the Complaint.

153.    Defendant denies the allegations contained in paragraph 153 of the Complaint.

154.    The allegations in paragraph 154 constitute Plaintiff's characterizations about a conversation he purportedly had with AD McNamara, to which no answer is required, but to the

extent an answer is deemed necessary, defendant denies the allegations contained in paragraph 154 of the Complaint.

155.   Defendant denies the allegations contained in paragraph 155 of the Complaint.

156.   Defendant denies the allegations contained in paragraph 156 of the Complaint.

157.   Defendant admits the allegations contained in paragraph 157 of the Complaint.

158.   Defendant denies the allegations contained in paragraph 158 of the Complaint.

159.   In response to the allegations contained in paragraph 159 of the Complaint, Defendant respectfully refers the Court to the quoted document, in its entirety, which speaks for itself.

160.   Defendant denies the allegations contained in paragraph 160 of the Complaint.

161.   Defendant denies the allegations contained in paragraph 161 of the Complaint.

162.   Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 162 of the Complaint.

163.   The allegations in paragraph 163 constitute Plaintiff's characterizations about a conversation he purportedly had with AD McNamara, to which no answer is required, but to the extent an answer is deemed necessary, defendant denies the allegations contained in Paragraph 163 of the Complaint.

164.   Defendant denies the allegations contained in paragraph 164 of the Complaint.

165.   Defendant denies the allegations contained in paragraph 165, except to admit that Plaintiff was assigned to a unit which was tasked with designing and implementing an audit.

166.   Defendant admits the allegations contained in paragraph 166 of the Complaint.

167.   Defendant denies the allegations contained in paragraph 167, except to admit that AD McNamara, SAC Mertz, and SAC Klimt were all assigned to the Inspection Division at

various times in 2005.

168.     Defendant denies the allegations contained in paragraph 168 of the Complaint.

169.     Defendant admits the allegations contained in paragraph 169 of the Complaint.

170.     Defendant denies the allegations contained in paragraph 170 of the Complaint.

171.     Defendant denies the allegations contained in paragraph 171 of the Complaint.

172.     Defendant denies the allegations contained in paragraph 172 of the Complaint.

173.     Defendant denies the allegations contained in paragraph 173 of the Complaint.

174.     Defendant denies the allegations contained in paragraph 174 of the Complaint.

175.     Defendant admits the allegations contained in paragraph 175 of the Complaint.

176.     Defendant denies the allegations contained in paragraph 176, except to admit that the New Haven Division conducted a career board in May 2014.

177.     Defendant denies the allegations contained in paragraph 177 of the Complaint.

178.     Defendant admits the allegations contained in Paragraph 178 of the Complaint, and respectfully refers the Court to the referenced document in its entirety, which speaks for itself.

179.     Defendant denies the allegations contained in paragraph 179 of the Complaint.

180.     Defendant admits the allegations contained in paragraph 180 of the Complaint.

181.     Defendant denies the allegations contained in paragraph 182 of the Complaint.

182.     The allegations in paragraph 182 constitute Plaintiff's characterizations and understanding about AVP, to which no answer is required, but to the extent an answer is deemed necessary, defendant denies the allegations contained in paragraph 182 of the Complaint. .

183.     Defendant admits the allegations contained in paragraph 183 of the Complaint.

184.     Defendant denies the allegations contained in paragraph 184, except to admit that

supervisors certify the records at the end of each pay period.

185.    Defendant denies the allegations contained in paragraph 185 of the Complaint.

186.    Defendant denies the allegations contained in paragraph 186 of the Complaint.

187.    Defendant denies the allegations contained in paragraph 187 of the Complaint.

188.    Defendant admits the allegations contained in Paragraph 188 of the Complaint, and respectfully refers the Court to the referenced document in its entirety, which speaks for itself.

189.    Defendant denies the allegations contained in paragraph 189 of the Complaint.

190.    Defendant denies the allegations contained in paragraph 190 of the Complaint.

191.    Defendant denies the allegations contained in paragraph 191, except to admit that upon return to the New Haven Division from his temporary position at FBI Headquarters, Plaintiff returned to his prior GS-13 grade level.

192.    Defendant denies the allegations contained in paragraph 192, except to admit that upon return to the New Haven Division from his temporary position at FBI Headquarters, Plaintiff was assigned to the New Haven Division headquarters office.

193.    Defendant denies the allegations contained in paragraph 193, except to admit that upon return to the New Haven Division from his temporary position at FBI Headquarters, Plaintiff was assigned to the Counterterrorism Division.

194.    Defendant denies the allegations contained in paragraph 194 of the Complaint.

195.    Defendant denies the allegations contained in paragraph 195 of the Complaint.

196.    Defendant denies the allegations contained in paragraph 196 of the Complaint.

197.    Defendant denies the allegations contained in paragraph 197 of the Complaint.

198.    The allegations in paragraph 198 constitute Plaintiff's characterizations about his

career, to which no answer is required, but to the extent an answer is deemed necessary, defendant denies the allegations contained in paragraph 185 of the Complaint.

199.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 199 of the Complaint.

200.    Defendant denies the allegations contained in paragraph 200, except to admit that in June 2014, Plaintiff, as part of a group of Inspection Division employees, received an award for work conducted on an audit.

201.    Defendant denies the allegations contained in paragraph 201, except to admit that Plaintiff and SAC Ferrick met on September 19, 2014.

202.    Defendant denies the allegations contained in paragraph 202 of the Complaint.

203.    Defendant denies the allegations contained in paragraph 203, except to admit that SAC Ferrick responded to an email sent to her by Plaintiff's wife, and respectfully refer the Court to the quoted email in its entirety.

204.    Defendant denies the allegations contained in paragraph 204 of the Complaint.

205.    Defendant denies the allegations contained in paragraph 205 of the Complaint.

### AS AND FOR A RESPONSE TO PLAINTIFF'S FIRST CAUSE OF ACTION (UNLAWFUL RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)

206-411.    Defendant repeats and incorporates its responses set forth to paragraph 1 through 205 inclusively, as set forth above.

412.    The allegations in paragraph 412 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

413.    The allegations in paragraph 413 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

414.    The allegations in paragraph 414 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

415.    The allegations in paragraph 415 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

416.    The allegations in paragraph 416 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

417.    The allegations in paragraph 417 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## AS AND FOR A RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION (UNLAWFUL RETALIATION IN VIOLATION OF THE ADEA)

418-623.    Defendant repeats and incorporates its responses set forth to paragraph 1 through 417 inclusively, as set forth above.

624.    The allegations in paragraph 624 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

625.    The allegations in paragraph 625 constitute conclusions of law and Plaintiff's

characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

626.    The allegations in paragraph 626 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

627.    The allegations in paragraph 627 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

628.    The allegations in paragraph 628 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

629.    The allegations in paragraph 629 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**AS AND FOR A RESPONSE TO PLAINTIFF'S THIRD CAUSE OF ACTION
(UNLAWFUL RETALIATION IN VIOLATION OF THE
REHABILITATION ACT)**

630-834.    Defendant repeats and incorporates its responses set forth to paragraph 1 through 629 inclusively, as set forth above.

835.    The allegations in paragraph 835 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

836.    The allegations in paragraph 836 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed

allegations of fact, they are denied.

837.    The allegations in paragraph 837 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

838.    The allegations in paragraph 838 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

839.    The allegations in paragraph 839 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

840.    The allegations in paragraph 840 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

The remaining allegations contain Plaintiff's prayer for relief, to which no answer is required, but to the extent an answer is deemed necessary, denied that Plaintiff is entitled to the requested relief or any relief whatsoever against Defendant.  Defendant avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. § 1981(a) and that any relief may be further limited by 42 U.S.C. § 2000(e)-5(g)(2)(B).

To the extent any allegation in the Complaint is not specifically admitted above, it is hereby denied.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's complaint fails to state a claim for which relief may be granted.

2.      Plaintiff has failed to exhaust administrative remedies with respect to all of his claims of discrimination and retaliation.

3.      The Court lacks subject matter jurisdiction over this action.

4.      To the extent plaintiff bases his claims on allegations that are outside of the accepted issues for investigation in Agency Case Nos. FBI-2013-00175, FBI-2014-00311, or outside of the scope of his asserted Equal Employment Opportunity (EEO) claims of discrimination and retaliation, plaintiff's complaint should be dismissed in whole or in part for failure to timely exhaust administrative remedies.

5.      To the extent plaintiff bases his claims on allegations that are outside of the accepted issues for investigation in Agency Case Nos. FBI-2013-00175, FBI-2014-00311 or outside of the scope of his asserted Equal Employment Opportunity (EEO) claims of discrimination and retaliation, plaintiff's claims are time-barred by the applicable statute of limitations.

6.      Plaintiff is not entitled to compensatory damages that exceed the capped amount of $300,000.00, pursuant to 42 U.S.C. §1981a.

7.      Plaintiff is not entitled to any relief sought pursuant to the Civil Rights Act of 1991, including but not limited to declaratory judgment, compensatory and punitive damages.

8.      Plaintiff has not shown that the Defendant's actions are pretext for discrimination.

9.      Plaintiff has not shown that the Defendant's actions occurred but for his protected EEO activity.

10.      Plaintiff's claims are barred, in whole or in part, by her failure to allege a prima facie case of discrimination or retaliation.

24

11.     The FBI exercised reasonable care to prevent and correct promptly any allegedly discriminatory or retaliatory behavior that was called to its attention.

12.     Defendant promptly and thoroughly investigated Plaintiff's report of conduct that was perceived by him to be discrimination, harassment, or retaliation.

13.     Plaintiff did not suffer a materially adverse employment action.

14.     Any adverse employment action(s) or decision(s) by the Defendant relating to Plaintiff were based upon legitimate, non-discriminatory reasons.  Defendant did not intentionally or otherwise unlawfully discriminate against Plaintiff.

15.     To the extent that Plaintiff demonstrates a discriminatory or retaliatory motive played a part in the challenged actions, which Defendant denies, the same actions would have been taken absent the discriminatory or retaliatory motive.

16.     Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective measures.

17.     Any damages sought by Plaintiff must not exceed the limits imposed by 42 U.S.C. § 1981a.

18.     Plaintiff failed to mitigate his damages, if any.

19.     Defendant reserves the right to plead all other affirmative defenses or any applicable state and federal statute which through discovery it learns may be applicable.

**WHEREFORE**, Defendant respectfully submits that the Plaintiff is not entitled to any relief, monetary or non-monetary, and requests that this Complaint be dismissed, that judgment be entered in favor of the defendants, with prejudice and with costs, and for such other and further relief as this Court deems just and proper.

Dated: May 17, 2016                             RICHARD S. HARTUNIAN
United States Attorney
Northern District of New York

*/s/Karen Folster Lesperance*

By:       _____

Karen Folster Lesperance
Assistant United States Attorney
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, NY 12207
(518) 431-0247
Karen.lesperance@usdoj.gov
Bar Roll No. 514108

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 17, 2016, a copy of the foregoing was filed electronically the Court's CM/ECF System.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

*/s/Karen Folster Lesperance*
KAREN FOLSTER LESPERANCE
Assistant United States Attorney
