## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____

| | |
|---|---|
| KURT SIUZDAK | ) |
| | ) |
| | ) |
| | )   **ANSWER TO SECOND** |
| | )   **SUBSTITUTED** |
| Plaintiff, | )   **COMPLAINT** |
| v. | ) |
| | ) |
| HONORABLE LORETTA E. LYNCH, In Her Official | )   Civil Action No. |
| Capacity as the Attorney General of the United States, | )   14-CV-1543 (VAB) |
| | ) |
| | )   October 17, 2016 |
| Defendant. | ) |

_____

Defendant, the HONORABLE LORETTA E. LYNCH, In Her Official Capacity as the Attorney General of the United States, by her attorney, RICHARD S. HARTUNIAN, United States Attorney in and for the Northern District of New York, Karen Folster Lesperance, Assistant United States Attorney, of counsel, as and for an Answer to Plaintiff's Second Substituted Complaint herein, respond as follows:

### PRELIMINARY STATEMENT

1.       The allegations in paragraph 1 constitute Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2.       The allegations in paragraph 2 constitute Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## JURISDICTION

3.      The allegations in paragraph 3 are legal conclusions as to the Court's jurisdiction and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

4.      The allegations in paragraph 4 are legal conclusions as to the Court's jurisdiction and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

5.      The allegations in paragraph 5 are legal conclusions as to the Court's jurisdiction and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

6.      The allegations in paragraph 6 are legal conclusions as to the Court's jurisdiction and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

7.      The allegations in paragraph 7 are legal conclusions as to the Court's jurisdiction and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

7(a).      Defendant denies the allegations contained in paragraph 7(a), except to admit that Plaintiff filed a complaint with the Office of Equal Employment Opportunity Affairs.

7(b).      Defendant denies the allegations contained in paragraph 7(b) of the Second Substituted Complaint, except to admit that Plaintiff amended his administrative complaint.

7(c).      Defendant admits the allegations contained in paragraph 7(c) of the Second Substituted Complaint.

7(d).    Defendant admits the allegations contained in paragraph 7(d) of the Second Substituted Complaint.

7(e).    Defendant admits the allegations contained in paragraph 7(e) of the Second Substituted Complaint.

7(f).    Defendant denies the allegations contained in paragraph 7(f), except to admit that Plaintiff filed a complaint with the Office of Equal Employment Opportunity Affairs.

7(g).    Defendant admits the allegations contained in paragraph 7(g) of the Second Substituted Complaint.

7(h).    Defendant admits the allegations contained in paragraph 7(h) of the Second Substituted Complaint.

7(i).    Defendant admits the allegations contained in paragraph 7(e) of the Second Substituted Complaint.

7(j).    The allegations in paragraph 7(f) of the Second Substituted Complaint are legal conclusions as to the Court's jurisdiction and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

8.    The allegations in paragraph 8 are legal conclusions concerning Plaintiff's prayer for relief and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

9.    The allegations in paragraph 9 are legal conclusions concerning Plaintiff's prayer for relief and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

10.     The allegations in paragraph 10 are legal conclusions concerning Plaintiff's prayer for relief and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

## **VENUE**

11.     The allegations in paragraph 11 are legal conclusions as to the proper venue and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

12.     The allegations in paragraph 12 are legal conclusions as to the proper venue and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

## **PARTIES**

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Second Substituted Complaint.

14.     Admitted that Defendant, Loretta E. Lynch, is the current Attorney General of the United States; denied that the Attorney General is the head of the Federal Bureau of Investigation. To the extent the remainder of paragraph 14 may be deemed allegations of fact, they are denied.

15.     Admit that the Attorney General is being sued in her official capacity.

16.     The allegations in paragraph 16 are legal conclusions as to the proper parties and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

## **FACTS**

17.     Defendant denies the allegations contained in paragraph 17, except to admit that Plaintiff submitted an application for employment with the FBI.

18.     Defendant admits the allegations contained in paragraph 18 of the Second Substituted Complaint.

19.     Defendant admits the allegations contained in paragraph 18 of the Second Substituted Complaint.

20.     The allegations in paragraph 20 constitute Plaintiff's characterizations about the nature of his career and the investigations in which he participated to which no answer is required, but to the extent an answer is deemed necessary, defendant denies the allegations contained in paragraph 20 of the Second Substituted Complaint.

21.     The allegations in paragraph 21 constitute Plaintiff's characterizations about his response on September 11, 2001 and his role in the subsequent investigation to which no answer is required, but to the extent an answer is deemed necessary, denied.

22.     Defendant denies knowledge or information sufficient to form a belief as the truth or falsity of the allegations contained in paragraph 22 of the Second Substituted Complaint.

23.     The allegations in paragraph 23 constitute Plaintiff's characterizations about the nature of his career and assignments to which no answer is required, but to the extent an answer is deemed necessary, defendant denies the allegations contained in paragraph 23 of the Second Substituted Complaint.

24.     The allegations in paragraph 24 constitute Plaintiff's characterizations about the nature of his career and assignments to which no answer is required, but to the extent an answer is deemed necessary, defendant denies the allegations contained in paragraph 24 of the Second Substituted Complaint.

25.     Defendant admits that Plaintiff attended Middlebury College during the summer of 2006 to study Arabic, Defendant denies the remaining allegations and characterizations contained in paragraph 25 of the Second Substituted Complaint.

26.     Defendant admits that Plaintiff was promoted to a term GS-14 in January 2008.

27.     Defendant admits that Plaintiff remained a GS-14 until he was reassigned to a GS-13 in July 2009; the remaining allegations in paragraph 27 constitute Plaintiff's characterizations about his assignment to which no answer is required, but to the extent an answer is deemed necessary, they are denied.

28.     Defendant denies the allegations contained in paragraph 28, except to admit that Plaintiff was reassigned to the New Haven Field Office as a GS-13 Special Agent in 2009.

29.     Defendant admits the allegations contained in paragraph 29 of the Second Substituted Complaint.

30.     Defendant admits the allegations contained in paragraph 30 of the Second Substituted Complaint.

31.     Defendant admits the allegations contained in paragraph 31 of the Second Substituted Complaint.

32.     Defendant admits that Plaintiff filed an EEO complaint in June of 2013, specifically denies that Plaintiff alleged gender discrimination in that EEO complaint, and otherwise refers the court to the referenced document in its entirety, which speaks for itself.

33.     Defendant denies the allegations contained in paragraph 33, except to admit that Plaintiff requested a hearing but filed a civil action prior to the hearing being scheduled.

34.     Defendant denies the allegations contained in paragraph 34, except to admit that Plaintiff filed a civil action on October 20, 2014.

35.     Defendant denies the allegations contained in paragraph 35, except to admit that Plaintiff filed an EEO complaint on September 25, 2014.

36.     The allegations in paragraph 36 constitute Plaintiff's characterizations about his EEO claims to which no answer is required, but to the extent an answer is deemed necessary, defendant denies the allegations of paragraph 36 of the Second Substituted Complaint, and respectfully refers the Court to the referenced document in its entirety, which speaks for itself.

37.     Defendant denies the allegations contained in paragraph 37 of the Second Substituted Complaint.

38.     Defendant denies the allegations contained in paragraph 38 of the Second Substituted Complaint.

39.     In response to paragraph 39 of the Second Substituted Complaint, Defendant respectfully refers the court to the referenced document in its entirety, which speaks for itself.

40.     Defendant denies the allegations contained in paragraph 40 of the Second Substituted Complaint.

41.     Defendant denies the allegations contained in paragraph 41, except to admit that Plaintiff applied for the GS-14 SSA position in Meriden, Connecticut.

42.     Defendant denies the allegations contained in paragraph 42 of the Second Substituted Complaint.

43.     The allegations in paragraph 43 constitute Plaintiff's characterizations about Division Head recommendations in the promotional process at the FBI to which no answer is required, but to the extent an answer is deemed necessary, Defendant denies the allegations contained in paragraph 43 of the Second Substituted Complaint.

44.     Defendant denies the allegations contained in paragraph 40 of the Second Substituted Complaint.

45.     Defendant denies the allegations contained in paragraph 40 of the Second Substituted Complaint.

46.     Defendant denies the allegations contained in paragraph 46, and states that neither SAC Ferrick nor ASAC Kline were required or expected to maintain performance records of a GS-13 agent, like Plaintiff.

47.     Defendant denies the allegations contained in paragraph 47 of the Second Substituted Complaint.

48.     Defendant denies the allegations contained in paragraph 48, and states that neither SAC Ferrick nor ASAC Kline were required or expected to maintain performance records of a GS-13 agent, like Plaintiff.

49.     Defendant denies the allegations contained in paragraph 49 of the Second Substituted Complaint.

50.     Defendant denies the allegations contained in paragraph 50, except to admit that Plaintiff applied for the GS-14 SSA position in Houston, Texas.

51.     Defendant denies the allegations contained in paragraph 51 of the Second Substituted Complaint.

52.     Defendant denies the allegations contained in paragraph 52, except to admit that Plaintiff filed a complaint with the Office of Equal Employment Opportunity Affairs on February 11, 2015, and amended that complaint on April 9, 2015.

53.     Defendant denies the allegations contained in paragraph 53 of the Second Substituted Complaint.

54.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Second Substituted Complaint.

55.     Defendant denies the allegations contained in paragraph 55 of the Second Substituted Complaint.

56.     Defendant denies the allegations contained in paragraph 56 of the Second Substituted Complaint.

57.     In response to the allegations contained in paragraph 57 of the Second Substituted Complaint, Defendant admits that Kline never directly counseled Plaintiff as he was not Plaintiff's direct supervisor, but states that Kline directed Plaintiff's supervisor to provide counseling to Plaintiff.

58.     Defendant denies the allegations contained in paragraph 58 of the Second Substituted Complaint.

59.     Defendant denies the allegations contained in paragraph 59 of the Second Substituted Complaint.

60.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Second Substituted Complaint.

61.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 61 of the Second Substituted Complaint.

62.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 62 of the Second Substituted Complaint.

63.     Defendant denies the allegations contained in paragraph 63 of the Second Substituted Complaint.

64.     Paragraph 64 of the Second Substituted Complaint contains legal conclusions

requiring no response; to the extent they may be deemed allegations of fact, they are denied.

65.     Paragraph 64 of the Second Substituted Complaint contains legal conclusions requiring no response; to the extent they may be deemed allegations of fact, they are denied.

66.     The allegations of Paragraph 66 of the Second Substituted Complaint contain Plaintiff's characterization of his whistleblower complaint to which no answer is required; to the extent Paragraph 66 may be deemed to contain factual allegations of fact, they are denied.

67.     Defendant denies the allegations contained in Paragraph 67 of the Second Substituted Complaint.

68.     Defendant denies the allegations contained in Paragraph 68 of the Second Substituted Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of the Second Substituted Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of the Second Substituted Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of the Second Substituted Complaint.

72.     Defendant denies the allegations contained in Paragraph 72 of the Second Substituted Complaint, except to admit that on October 30, 2015 Plaintiff received and signed a Performance Appraisal Review which rated him overall as Minimally Successful.

73.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 73 of the Second Substituted Complaint.

74.     Defendant denies the allegations contained in paragraph 74 of the Second Substituted Complaint.

75.     Defendant denies the allegations contained in paragraph 75 of the Second Substituted Complaint.

76.     Defendant admits the allegations contained in paragraph 76 of the Second Substituted Complaint.

77.     In response to Paragraph 77 of the Second Substituted Complaint, Defendant respectfully refers the Court to the entirety of the document referenced therein, which speaks for itself.  Paragraph 77 of the Second Substituted Complaint constitutes Plaintiff's characterization of this document to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

78.     In response to Paragraph 78 of the Second Substituted Complaint, Defendant respectfully refers the Court to the entirety of the document referenced therein, which speaks for itself.  Paragraph 78 of the Second Substituted Complaint constitutes Plaintiff's characterization of this document to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

79.     Defendant denies the allegations contained in paragraph 79, except to admit that Plaintiff was laterally transferred to the Criminal Branch in the new Haven Division.

80.     Defendant denies the allegations contained in paragraph 80 of the Second Substituted Complaint.

81.     In response to Paragraph 81 of the Second Substituted Complaint, Defendant respectfully refers the Court to the entirety of the document referenced therein, which speaks for itself.  Paragraph 81 of the Second Substituted Complaint constitutes Plaintiff's characterization of this document to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

82. In response to Paragraph 81 of the Second Substituted Complaint, Defendant respectfully refers the Court to the entirety of the document referenced therein, which speaks for itself. Paragraph 81 of the Second Substituted Complaint constitutes Plaintiff's characterization of this document to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

83. In response to Paragraph 81 of the Second Substituted Complaint, Defendant respectfully refers the Court to the entirety of the document referenced therein, which speaks for itself. Paragraph 81 of the Second Substituted Complaint constitutes Plaintiff's characterization of this document to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

84. In response to Paragraph 81 of the Second Substituted Complaint, Defendant respectfully refers the Court to the entirety of the document referenced therein, which speaks for itself. Paragraph 81 of the Second Substituted Complaint constitutes Plaintiff's characterization of this document to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

85. In response to Paragraph 81 of the Second Substituted Complaint, Defendant respectfully refers the Court to the entirety of the document referenced therein, which speaks for itself. Paragraph 81 of the Second Substituted Complaint constitutes Plaintiff's characterization of this document to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

86. In response to Paragraph 81 of the Second Substituted Complaint, Defendant respectfully refers the Court to the entirety of the document referenced therein, which speaks for itself. Paragraph 81 of the Second Substituted Complaint constitutes Plaintiff's characterization

of this document to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

87.     In response to Paragraph 81 of the Second Substituted Complaint, Defendant respectfully refers the Court to the entirety of the document referenced therein, which speaks for itself.  Paragraph 81 of the Second Substituted Complaint constitutes Plaintiff's characterization of this document to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

88.     Defendant denies the allegations contained in paragraph 88 of the Second Substituted Complaint.

89.     Defendant denies the allegations contained in paragraph 89 of the Second Substituted Complaint, except to admit that an investigator from OEEOA conducted interviews at the New Haven Field Office.

90.     Defendant denies the allegations contained in paragraph 90 of the Second Substituted Complaint.

91.     Defendant denies the allegations contained in paragraph 91 of the Second Substituted Complaint.

92.     Defendant denies the allegations contained in paragraph 92 of the Second Substituted Complaint.

93.     Defendant denies the allegations contained in paragraph 93 of the Second Substituted Complaint, except to admit that an investigator from OEEOA conducted interviews at the New Haven Field Office.

94.     Defendant denies the allegations contained in paragraph 94 of the Second Substituted Complaint.

95.     Defendant denies the allegations contained in paragraph 95 of the Second Substituted Complaint.

96.     Defendant denies the allegations contained in paragraph 96 of the Second Substituted Complaint.

97.     Defendant denies the allegations contained in paragraph 97 of the Second Substituted Complaint.

98.     Defendant denies the allegations contained in paragraph 98 of the Second Substituted Complaint.

**AS AND FOR A RESPONSE TO PLAINTIFF'S FIRST CAUSE OF ACTION (UNLAWFUL RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

99-196.     Defendant repeats and incorporates its responses set forth to paragraph 1 through 98 inclusively, as set forth above.

197.     The allegations in paragraph 197 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

198.     The allegations in paragraph 198 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

199.     The allegations in paragraph 199 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

200.     Defendant denies the allegations contained in paragraph 200 of the Second Substituted Complaint.

201.     The allegations in paragraph 201 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

202.     The allegations in paragraph 202 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

203.     The allegations in paragraph 203 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

204.     The allegations in paragraph 204 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

205.     The allegations in paragraph 205 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## AS AND FOR A RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION (UNLAWFUL RETALIATION IN VIOLATION OF THE ADEA)

206-303.       Defendant repeats and incorporates its responses set forth to paragraph 1 through 205 inclusively, as set forth above.

304.     The allegations in paragraph 304 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

305.     The allegations in paragraph 305 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed

allegations of fact, they are denied.

306.     The allegations in paragraph 306 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

307.     Defendant denies the allegations contained in paragraph 307 of the Second Substituted Complaint.

308.     The allegations in paragraph 308 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

309.     The allegations in paragraph 309 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

310.     The allegations in paragraph 310 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

311.     The allegations in paragraph 311 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## AS AND FOR A RESPONSE TO PLAINTIFF'S THIRD CAUSE OF ACTION
## (UNLAWFUL RETALIATION IN VIOLATION OF THE REHABILITATION ACT)

312-409.     Defendant repeats and incorporates its responses set forth to paragraph 1 through 311 inclusively, as set forth above.

410.     The allegations in paragraph 410 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed

allegations of fact, they are denied.

411.    The allegations in paragraph 411 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

412.    The allegations in paragraph 412 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

413.    Defendant denies the allegations contained in paragraph 413 of the Second Substituted Complaint.

414.    The allegations in paragraph 414 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

415.    The allegations in paragraph 415 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

416.    The allegations in paragraph 416 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

417.    The allegations in paragraph 417 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

The remaining allegations contain Plaintiff's prayer for relief, to which no answer is required, but to the extent an answer is deemed necessary, denied that Plaintiff is entitled to the

requested relief or any relief whatsoever against Defendant. Defendant avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. § 1981(a) and that any relief may be further limited by 42 U.S.C. § 2000(e)-5(g)(2)(B).

To the extent any allegation in the Second Substituted Complaint is not specifically admitted above, it is hereby denied.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Second Substituted Complaint fails to state a claim for which relief may be granted.

2.      Plaintiff has failed to exhaust administrative remedies with respect to all of his claims of discrimination and retaliation.

3.      The Court lacks subject matter jurisdiction over this action.

4.      To the extent plaintiff bases his claims on allegations that are outside of the accepted issues for investigation in Agency Case Nos. FBI-2013-00175, FBI-2014-00311, FBI-2015-00072, FBI-2015-00128, or outside of the scope of his asserted Equal Employment Opportunity (EEO) claims of discrimination and retaliation, plaintiff's Second Substituted Complaint should be dismissed in whole or in part for failure to timely exhaust administrative remedies.

5.      To the extent plaintiff bases his claims on allegations that are outside of the accepted issues for investigation in Agency Case Nos. FBI-2013-00175, FBI-2014-00311 or outside of the scope of his asserted Equal Employment Opportunity (EEO) claims of discrimination and retaliation, plaintiff's claims are time-barred by the applicable statute of limitations.

6.      Plaintiff is not entitled to compensatory damages that exceed the capped amount of $300,000.00, pursuant to 42 U.S.C. §1981a.

7.      Plaintiff is not entitled to any relief sought pursuant to the Civil Rights Act of 1991, including but not limited to declaratory judgment, compensatory and punitive damages.

8.      Plaintiff has not shown that the Defendant's actions are pretext for discrimination.

9.      Plaintiff has not shown that the Defendant's actions occurred but for his protected EEO activity.

10.     Plaintiff's claims are barred, in whole or in part, by her failure to allege a prima facie case of discrimination or retaliation.

11.     The FBI exercised reasonable care to prevent and correct promptly any allegedly discriminatory or retaliatory behavior that was called to its attention.

12.     Defendant promptly and thoroughly investigated Plaintiff's report of conduct that was perceived by him to be discrimination, harassment, or retaliation.

13.     Plaintiff did not suffer a materially adverse employment action.

14.     Any adverse employment action(s) or decision(s) by the Defendant relating to Plaintiff were based upon legitimate, non-discriminatory reasons.  Defendant did not intentionally or otherwise unlawfully discriminate against Plaintiff.

15.     To the extent that Plaintiff demonstrates a discriminatory or retaliatory motive played a part in the challenged actions, which Defendant denies, the same actions would have been taken absent the discriminatory or retaliatory motive.

16.     Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective measures.

17.     Any damages sought by Plaintiff must not exceed the limits imposed by 42 U.S.C. § 1981a.

18.     Plaintiff failed to mitigate his damages, if any.

19.     Defendant reserves the right to plead all other affirmative defenses or any applicable state and federal statute which through discovery it learns may be applicable.

**WHEREFORE**, Defendant respectfully submits that the Plaintiff is not entitled to any relief, monetary or non-monetary, and requests that this Second Substituted Complaint be dismissed, that judgment be entered in favor of the defendants, with prejudice and with costs, and for such other and further relief as this Court deems just and proper.

Dated: October 17, 2016

RICHARD S. HARTUNIAN
United States Attorney
Northern District of New York

By:     */s/Karen Folster Lesperance*
Karen Folster Lesperance
Assistant United States Attorney
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, NY 12207
(518) 431-0247
Karen.lesperance@usdoj.gov
Bar Roll No. 514108

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2016, a copy of the foregoing was filed electronically the Court's CM/ECF System.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

/s/Karen Folster Lesperance
KAREN FOLSTER LESPERANCE
Assistant United States Attorney